## RASPILLIER vs. BROWNSON.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

An intervenor in a suit commenced by attachment between the original parties, although he succeeds in obtaining judgment, cannot proceed on the attachment bond against the surety for any supposed damages, because he is no party thereto.

There is no privity of contract between the intervenor in a suit, already begun by attachment, and the surety in the attachment bond, and he cannot avail himself of the penalty in the bond.

The plaintiff took a rule on the defendant, to show cause why he should not be made liable as surety in an attachment bond. The facts show, that one Miles, in Kentucky, sued out an attachment against William L. Brent, then residing in Attakapas, in a suit on a promissory note of the latter, for two thousand three hundred and fifty dollars, given for the price of slaves. Mr. Brownson was the surety in the attachment bond executed by the plaintiff Miles. While this suit was

WESTERN DIST. pending, Raspillier, the present plaintiff, intervened and claim-
September, 1834. ed the amount of the note sued on, as having become the

RASPILLIER
vs.
BROWNSON.

purchaser thereof, and entitled to receive the proceeds.

After several years litigation, he finally obtained judgment for the net amount of the note, *without interest*. See *case of Miles* vs. *Oden et als.* 8, *Martin, N. S.* 214.

Raspillier now contends that he has sustained damages to the amount of his costs and interest on Brent's note, and that the attachment bond in the suit of Miles *vs.* Oden et als., in which Brent was a principal defendant, enured to his benefit. He seeks to fix this liability on the defendant, as surety in said bond.

*Mr. Brownson* appeared, and showed for cause that he could not be rendered liable on the attachment bond in this way; that if liable at all, he could only be made so by a civil suit in the ordinary way of petition and answer. The rule was discharged and the plaintiff appealed.

*Brownson in propria persona*, submitted the case without argument, no counsel appearing for the plaintiff.

*Bullard J.*, delivered the opinion of the court.

An intervenor in a suit commenced by attachment between the original parties, although he succeeds in obtaining judgment, cannot proceed on the attachment bond against the surety for any supposed damages, because he is no party thereto.

There is no privity of contract between the intervenor in a suit, already begun by attachment, and the surety in the attachment bond, and he cannot avail himself of the penalty in the bond.

The appellant, C. Raspillier, having intervened in a suit commenced by attachment by Miles, against Brent, in which the present appellee was attorney and security on the attachment bond, and judgment having been rendered in his favor, for the amount claimed by him except interest, took a rule on the appellee to show cause why judgment should not be entered against him, for the amount of damages, sustained by him, as the real party in interest.

To this rule the appellee showed for cause, that he was not a party to the suit, and that if he was liable for damages, as surety on the bond, they could be recovered only by regular suit. The rule was discharged, and the complainant appealed.

We are of opinion that the court did not err in discharging the rule. Besides the obvious objection that Raspillier was not a party to the bond, and that there existed no privity of contract between him and the appellee, it appears that final

judgment had already been rendered in the case, as to the principal demand, and it was too late to engraft upon it any new incidental question. Nothing remained to be done but to execute the judgment rendered on the appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.