JANE MONTGOMERY *vs.* ISAAC H. PICKERING & wife.

Suffolk. March 24, 25. — Oct. 23, 1874. AMES & DEVENS, JJ., absent.

A decree of a single justice of this court sitting in equity, in a cause heard before him on oral evidence, and which is heard in this court on appeal upon a report of the same evidence only, will not be reversed on a question of fact unless it clearly appears to be erroneous.

A. by fraud obtained a bond for a deed of land from B., who afterwards with full knowledge of the facts, and after taking legal advice, executed and delivered the deed. *Held,* that the deed did not operate as a confirmation of the previous transaction, unless it was given with that intent.

Where A. by fraud obtains from B. a bond for a deed of land, and a sum of money which has been awarded B. by a city for a portion of the land taken before the bond is executed, which sum is greater than the amount A. is to pay for the land, and B. conveys the land to A. and receives the price agreed upon, it is not necessary for B. to restore or to offer to restore the money to A. in order to maintain a bill in equity to rescind the sale.

A party, who testifies himself and who calls as a witness one who has been his legal counsel and who is not examined or cross-examined as to conversations with his client, may object, when the counsel is called as a witness by the other party, to his testifying in regard to such conversations.

BILL IN EQUITY, filed June 18, 1873, against Isaac H. Pickering and his wife, Sarah A., to compel the reconveyance of a parcel of land on Summer Street, Boston, and also the repayment of a sum of money obtained by the defendants from the city of Boston for land taken to widen Summer Street. The bill alleged fraud on the part of the defendant Isaac, and also that if there was no fraud the prayer of the bill should be granted on the ground of mutual mistake.

The case was heard on oral evidence before *Endicott,* J., who ordered a decree for the plaintiff, and the defendants appealed.

The case came before this court on the pleadings and a report of the evidence. There appeared to be no controversy in regard to the following facts :

On January 2, 1873, the plaintiff owned on Summer Street, Boston, a lot of land with the remains of a building thereon which had been destroyed by the great fire of the preceding November; and on that day the city passed an order taking 424 feet of the land to widen the street, and awarded her as damages at the rate of $20 a square foot for the land, and $500 for the buildings taken, amounting in all to $8980. There was then remaining 127 square feet. In February, 1873, the plaintiff agreed to sell the land to Isaac, and at his request, on the 12th of the month, executed a bond to the defendant Sarah for the conveyance to her, within two months, of the entire lot on Summer Street, for $13 a square foot, " subject to any change in the streets the city may make." On the next day the parties executed a supplementary agreement by which it was provided " that in the event of the city taking any part of said land for the purpose of widening or changing streets, within the period named in said bond for a deed, and before the deed be given," Sarah should receive the damages therefor from the city. On February 25, 1873, the plaintiff gave to Isaac the following order, signed by her, on the city treasurer : " Please pay to Isaac H. Pickering $8980, the same being the amount awarded to me by the city for land taken to widen Summer Street by resolve of the board of street commissioners passed January 2, 1873 ; " and on the next day executed a deed to the city of the land taken and a release of all claim to damages, the consideration stated in the deed being $8980. The order and the deed were delivered to the city by Isaac, and on March 4, 1873, he was paid by the city the sum of $8980. After this and before April 15, following, Isaac caused a deed from the plaintiff to the defendant Sarah of the remaining land to be drawn, and called upon the plaintiff to execute it, tendering her at the same time the amount due for the entire lot at $13 a foot. The plaintiff at first refused to execute this deed, but subsequently notified the defendants that she was ready to do so, and on April 15, 1873, executed and delivered the deed to the defendant Sarah, and received the price agreed upon $7008. On the same day she **brought** an action of tort against the defendants for the same

cause of action set forth in the bill in this case; but subsequently discontinued the action. At the time the bond and agreement, dated February 12, 1873, were made, the plaintiff was ignorant that the city had then taken the land. When the deed of April 15, 1873, was executed, she knew the facts and had taken legal advice as to her rights and obligations.

The principal questions of fact in controversy were whether the plaintiff, at the time she signed the order and deed to the city, knew that the city had taken the land before the bond and agreement were given; and whether the defendant Isaac knew that the city had taken the land when the bond and the agreement were given. The defendant Isaac contended that at the time the agreement of sale was made, and when the bond was executed, it was supposed by him and the plaintiff that the city would take the land, but that it was not known what would be paid, and that he bought it on speculation; and that the plaintiff was desirous of selling at the price agreed on in order to be sure of getting so much for the land.

*J. P. Treadwell*, for the plaintiff.

*R. M. Morse, Jr.*, for the defendants, to the point that if the contract was induced by fraud it was afterwards confirmed, cited *De Montmorency* v. *Devereux*, 7 Cl. & F. 188; *Farnam* v. *Brooks*, 9 Pick. 212, 224; *Bradley* v. *Chase*, 22 Maine, 511; *Pearsoll* v. *Chapin*, 44 Penn. St. 9; *Hanson* v. *Field*, 41 Missis. 712. And to the point that the plaintiff had waived the privilege of her counsel not testifying, cited *Commonwealth* v. *Mullen*, 97 Mass. 545; *Woburn* v. *Henshaw*, 101 Mass. 193.

COLT, J. The plaintiff seeks to set aside a deed of land made by her, through the procurement of Isaac H. Pickering, to his wife, the other defendant, and to recover a sum of money paid by the city of Boston as damages for land of the plaintiff taken for streets. Both the deed and the money paid by the city to Pickering are alleged to have been obtained by fraud, and upon mutual mistake of fact affecting alike the consideration of the deed and the payment of the money.

The case was heard by a justice of this court upon pleadings and oral evidence, and comes up with a report of all the evidence upon appeal from his final decree in favor of the plaintiff.

It is not contended, upon the case thus presented, that the decree does not follow the frame of the bill, and is not justified by the pleadings. There is no report of the facts on which it is based found by the court; no question of law is reserved by the judge. The principal question open is whether the evidence before the court supports the judgment below.

On appeal from the decree of a single judge upon oral evidence duly reported, the case is heard upon the same evidence, unless leave to exhibit further proof has been granted. Gen. Sts. *c.* 113, §§ 8, 21. Upon such appeal, great weight is allowed to the decision of the court below. The judge who sees and hears the witnesses, and observes their conduct on the stand, can best judge of the weight to be given to their statements. The original decree must stand unless it clearly appears to be erroneous. *Reed* v. *Reed,* 114 Mass.

Upon a careful revision of the evidence, we cannot declare the decree in this case erroneous. The fraud alleged is wholly a question of fact. It is not necessary or profitable to discuss in detail the evidence by which it is established. It is enough that it sufficiently proves the fraud with which Isaac H. is charged in obtaining the original agreement to convey and the subsequent order on the city. The judge must have found that this original fraud was not cured or waived by the subsequent conduct of the plaintiff, and there is nothing to show such finding erroneous. Mrs. Pickering's title, it is conceded, is no better than her husband's, and therefore cannot prevail against this proceeding.

But the defendants contend, that, as the subsequent deed to Mrs. Pickering appears to have been given under legal advice, with full knowledge of the original fraud and of the plaintiff's legal rights, it must be treated as ratifying and confirming the previous transactions with the defendants.

The deed in question does not expressly confirm the validity of the previous contract. It was not founded on any new consideration, or given in settlement of a disputed claim. It was required by the terms of the original contract, and there is nothing to show an intention to forgive the fraud. To have effect as a confirmation, such deed must appear to have been given with that intention by one who was not under the influence of the previous transaction. When relied on as a defence in a case where fraud

is clearly established, it is said that it must stand upon the clearest evidence, because the act is so inconsistent with justice and so likely to be connected with the fraud. *Morse* v. *Royal,* 12 Ves. 355, 373. The deed must be so disconnected with the previous dealings as to leave the grantor the complete power of determining, as upon an original act, whether he will do it or not. *Crowe* v. *Ballard,* 1 Ves. Jr. 215. Or, as it is said in the more recent case of *Moxon* v. *Payne,* L. R. 8 Ch. 881, the parties must be at arms' length and stand on equal terms. In the case at bar, the money of the plaintiff, wrongfully obtained from the city, was in the hands of the defendants. The deed appears to have been delivered as a means of recovering the money and saving the plaintiff from further loss, without any evidence of a purpose to give up whatever remedy she might have at law or in equity against them, and cannot, by the rules stated, be treated as conclusive against her.

Nor was there any necessity, upon the facts disclosed, for the plaintiff to restore or offer to restore the defendants to the position in which they were before the deed was executed. By the payment made to her upon delivery of the deed the plaintiff took nothing from the defendants that she was not entitled to, and there was nothing, therefore, on her part to be restored.

At the hearing before a single justice, the plaintiff herself testified and called as a witness one who had been her legal adviser in reference to the transactions in question. He was not then asked as to his communications with his client, but he was cross-examined by the defendants' counsel as to all matters of fact which came to her knowledge before the execution of the deed. After the evidence was all in, he was recalled and asked by the defendants what conversations he had as counsel with the plaintiff in reference to making the deed and giving the receipt, and for what reason he advised the delivery of the deed. But it was ruled that what passed between counsel and client was not admisible, and the evidence was excluded.

It is contended that this ruling was wrong, because the exclusion of the evidence offered is a privilege which the client may waive, and in this case has waived by becoming a witness in her own behalf. But this alone, in the opinion of the court, does not amount to such waiver. *Decree for the plaintiff with costs.*