Filed Dec. 19, 1884.

————————

99  143
135  48

No. 11,551.

## HEDRICK *v.* D. M. OSBORNE & CO.

COMPLAINT.—*Defect Cured by Verdict.*—A complaint, defective for want of the averment of a fact which may be inferred by reasonable intendment, is cured by verdict.

BILL OF EXCEPTIONS.—*Evidence.*—To present for review the admission of evidence objected to, it is not necessary that the bill of exceptions shall contain all the evidence given upon the trial.

ATTACHMENT.—*Suit on Bond.—Evidence.—Record.—Misnomer.—Parties.—Partnership.—Name.—Corporation.*—Suit by "D. M. Osborne & Co." upon an attachment bond given in a suit against D. M. Osborne and others unknown, described as partners, in which "D. M. Osborne & Co." appeared.

*Held,* that the plaintiff could maintain the suit, having been really the defendant in the attachment suit, though by a wrong name and description, and that the record of that suit was admissible in evidence for the plaintiff, and so also was proof that the writ of attachment was levied upon the plaintiff's property.

VARIANCE.—*Amendment.*—A variance which could not mislead the opposite party requires no amendment to avoid it, and is wholly immaterial.

From the Vermillion Circuit Court.

*T. F. Davidson* and *W. B. Durborrow,* for appellant.

*J. McCabe, E. F. McCabe* and *J. G. Pearson,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that it is a corporation organized under the laws of New York; that one Thompson Roe instituted proceedings in attachment against it, and that the bond filed in the proceedings was signed by the appellant as a surety. It is not directly alleged that a writ of attachment was issued, but it is alleged

that "in obedience to the writ of attachment issued in said cause, the sheriff levied upon and attached the property of the plaintiff."

The complaint was not questioned in the court below in any form, but is here assailed by the assignment of errors. The counsel for appellant thus state their objection: "The objection to the complaint is that it nowhere directly alleges that a writ of attachment was issued." It is our opinion that this objection can not prevail. It has long been a rule of pleading that many defects, available upon demurrer, are cured by a finding or verdict. This rule applies here. There are facts stated in the pleading, which, by reasonable intendment, enable us to decide that a writ of attachment was issued, and this is sufficient to shield the complaint from such an attack as the present. *Murphy* v. *Murphy*, 95 Ind. 430; *Jones* v. *White*, 90 Ind. 255; *Puett* v. *Beard*, 86 Ind. 104; *Shimer* v. *Bronnenburg*, 18 Ind. 363.

The appellant complains of the ruling of the trial court in admitting the transcript of the record in the attachment proceedings, and the appellee contends that the bill of exceptions does not properly present this question, for the reason that all of the evidence is not in the record. It is not always necessary to bring all the evidence into the record, in order to present a ruling admitting or excluding evidence, but it is always necessary to incorporate so much of it as shows the full character of the ruling, and exhibits the asserted error. *Johnson* v. *Wiley*, 74 Ind. 233; *Stout* v. *Woods*, 79 Ind. 108; *Shorb* v. *Kinzie*, 80 Ind. 500; *Shimer* v. *Butler University*, 87 Ind. 218, *vide* p. 220; *Pavey* v. *Wintrode*, 87 Ind. 379, p. 381; *McClellan* v. *Bond*, 92 Ind. 424; *Conden* v. *Morningstar*, 94 Ind. 150. The appellee is wrong in stating as broadly as he does the proposition that all of the evidence must invariably be in the record, for there are cases where rulings admitting or excluding testimony may be presented without the entire evidence.

The evidence, which the appellee asserts was omitted from

Hedrick *v.* D. M. Osborne.& Co.

the first bill of exceptions filed by the appellant, was the second paragraph of the complaint filed in the attachment proceedings by the plaintiff therein, but we find, on examination, that this was struck from the files on the motion of the defendant in that case, so that it formed no part of the record. Its presence or absence does not affect the question arising on the ruling admitting the transcript of the proceeding in the case in which the attachment was issued.

The affidavit for attachment and the complaint in the case instituted by Thompson Roe charged that the defendant, in that case, constituted a partnership composed of D. M. Osborne, and other persons to the plaintiff unknown, and it is insisted that it was error to admit in evidence the transcript of the record in that case, for the reason that here the plaintiff appears as a corporation, and can not maintain an action upon a bond executed in proceedings against a partnership. In the argument upon this point counsel for the appellant lose sight of the important fact that D. M. Osborne & Co. appeared to the action in which the attachment was issued, and that the plaintiff, in that proceeding, after having seized the property of D. M. Osborne & Co. under the writ, voluntarily dismissed the proceedings. It appears from this fact that it was the present plaintiff and appellee against whom the attachment was directed, and that the property seized belonged to it, and that to it was all the injury done. The seizure and the consequent injury are attributable to the wrongful proceedings in the attachment case, and the law, in requiring a bond, intends to secure protection to those who are proceeded against as defendants, and whose property is attached by virtue of the writ sued out by the attaching plaintiff. The identity of the parties was established by proper evidence, and it seems plain that the party who is sued as defendant, and as defendant sustains injury, is entitled to redress. The case is altogether different from one in which the sheriff, in executing the writ, levies upon the property of some per-

son other than the one named as defendant, for here the sheriff obeyed the writ which issued pursuant to the demand of the attaching plaintiff, and the wrong resulted from the acts of that party. The utmost that can be said is that the plaintiff in attachment sued the defendant by the wrong name, and that the latter elected to appear without suggesting the misnomer, but it does not follow from this that the real defendant may not recover on the bond in his true name. The attachment was directed against the appellee; there is no doubt as to the identity of the person; the only error of the plaintiff in the attachment proceedings was as to name. The writ was meant to reach, and it did reach, the appellee's property, and as it was intended by the attaching plaintiff to accomplish this purpose, and did, in fact, accomplish it, we do not see any just reason why the person really injured and really meant to be reached by the attachment should be denied a recovery on the bond. To hold that an attaching plaintiff, in such a case as this, might sue the defendant in the wrong name, or under the wrong description, and on that ground escape liability on the bond, would, it is easy to see, be productive of great injustice.

It may be true, as a general rule, that it is only the defendant who can maintain an action on the attachment bond, and that a stranger can not have an action although his property may be seized. Drake Attachment, section 162. But the party who brought this action was not a stranger; the bond was intended to secure the party against whom the proceedings were instituted and whose property it was intended to reach, and the present plaintiff was that party, although wrongly described in the complaint and affidavit in attachment. The person against whom the proceedings were directed was the present plaintiff, but a wrong name and description were assigned. There is a complete identity, although there is a misnomer. The first case cited by the author to whom we have referred is *Raspillier* v. *Brownson*, 7 La. 231 (4 N. S. 149), where it was held that a third per-

son could not maintain an action on the bond, the court saying: "Besides the obvious objection that Raspillier was not a party to the bond, and. that there existed no privity of contract between him and the appellee, it appears that final judgment had already been rendered in the case, as to the principal demand, and it was too late to engraft upon it any new incidental question." The case of *Edwards* v. *Turner*, 6 Rob. (La.) 382, decides nothing more than that an attachment bond does not enure to the benefit of a third person. In *Davis* v. *Commonwealth*, 13 Grat. 139, the court thus stated the point presented for decision : "And the question resolves itself simply in this, Whether, if such an attachment be levied on the property of a stranger, he can maintain an action therefor on the attachment bond'?" Neither of these cases is in point here, for the action on the bond is not by a stranger, but is by the attachment defendant in its true name, for it was against the appellee that the proceedings were instituted, although it was not sued by its true name, and there is, therefore, direct privity of contract. Any other conclusion than that we have reached would result in ruling that where there was an error in naming or describing the attachment defendant, the bond could not be made available for the benefit of anybody, and this would be rank injustice.

We have no doubt that it was necessary for the appellee to prove that it was the person against whom the attachment proceedings were directed. There was, however, evidence from which this fact was fairly and justly inferable, and this is enough to support the finding of the trial court. In civil cases the rule has always been that it is sufficient if there is evidence leading by legitimate inference to the conclusion reached by the court or jury that tried the case, and it is not necessary that the fact should be directly established by positive evidence. 1 Greenl. Ev., section 13 *a ; Indianapolis, etc., R. R. Co.* v. *Collingwood*, 71 Ind. 476 ; *Indianapolis, etc., R. W. Co.* v. *Thomas*, 84 Ind. 194.

It was proper for the appellee to prove that the writ sued

out by Roe was levied on property of which it was the owner, for this was a fact tending to show that the proceedings were directed against it, and meant to operate upon its property as that of the attachment defendant. The presumption is that the officer did his duty and executed the writ according to law. The evidence upon this point was competent, not for the purpose of proving that there was a wrongful seizure of the property of a third person, but for the purpose of proving that the appellee was really the attachment defendant, for it tended to establish that fact, and as it tended to do this it was competent. *Boots* v. *Canine,* 94 Ind. 408; *Nave* v. *Flack,* 90 Ind. 205 (46 Am. R. 205); *Harbor* v. *Morgan,* 4 Ind. 158; *Hall* v. *Henline,* 9 Ind. 256.

We have already copied one of the allegations of the complaint showing that a writ of attachment was issued against the appellee, and we add the following (found at other places in the complaint), namely: " That in obedience to the writ of attachment issued in said cause the sheriff levied upon and attached the following property of the plaintiff." " Plaintiff was compelled to employ attorneys for the defence of said action and attachment proceedings." The allegations of the pleading fully show that the action was against the appellee, and that the bond sued on was given to secure an attachment in that cause, so that the appellant could not, in any way, have been misled by the pleading, nor left in doubt as to the cause of action urged against him. If it were conceded that the complaint should have more formally stated the mistake in describing the appellant, that would not avail, because it was a defect, if a defect at all, amendable in the trial court, and, by force of an imperative statute, to be deemed amended here. R. S. 1881, section 658.

A variance between the allegations of the pleading, and the evidence is, to quote from our statute, to be deemed immaterial "unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defence upon the merits." R. S. 1881, section 391. If, therefore, it were conceded

that there was here some variance, still, as it is very evident that it was not a material one, it will not justify a reversal.

Judgment affirmed.

Filed Dec. 19, 1884.