Filed April 28, 1891.

———◆———

No. 14,530.

## TARKINGTON ET AL. *v.* PURVIS.

CONTRACT.—*Rescission.*— *Waiver.*—One who, uninfluenced by the fraud, deals with the property as his own, after having fully discovered that fraud has been practiced upon him in the contract or transaction by or through which he acquired the property, thereby waives his right to rescind.

SAME.—*Acts not Amounting to Waiver of Right to Rescind.*—Equivocal acts, however, which do not clearly evince a purpose, with complete knowledge of the fraud, to retain the property as his own, will not defeat the right of the person defrauded to rescind. The act must be unequivocal, and must show an election to retain the property after discovering the deceit before the right to rescind is gone.

Tarkington *et al. v.* Purvis.

SAME.—*Purchaser of Partnership Interest.—Fraud.*—Where the purchaser of an interest in a partnership seeks to rescind the contract because of the vendor's misrepresentations, and has fully perfected his right to claim a rescission by tendering back everything that had been received, and by offering to place the fraudulent vendor *in statu quo,* the fact that such purchaser afterwards received money arising from the sale of some of the assets of the firm does not affect his right to compel the rescission, if the property was sold in the course of the firm's business, and the money received was fully accounted for without loss to the vendor.

SAME.—*Assignment of Firm Assets.—Repudiation of.*—The purchaser of an interest in a partnership who offers to rescind because of the fraud practiced upon him by the partner, does not lose his right of rescission by afterwards joining the other partners in a deed of voluntary assignment of the firm assets, where after the deed was signed and acknowledged, but before it was delivered or recorded, he repudiates the assignment, and does not consent to the delivery of the deed.

TENDER.—*Fraud.—Rescission of Contract.*—In a suit for rescission on the ground of fraud, no tender of the property received is necessary; it is sufficient for the plaintiff to show that he has preserved the property substantially in the condition in which he received it without intentional or unnecessary change.

VENDOR AND VENDEE.—*Bona Fide Purchaser.— Who is not.*—The plaintiff, who had exchanged certain real estate for an interest in a partnership, offered to rescind, and perfected his right to do so by giving notice and taking all the necessary steps, because of the misrepresentations of the partner as to the firm assets. Afterwards a conveyance of the real estate was taken from the fraudulent partner by such partner's father in consideration of an antecedent debt.

*Held,* that such grantee was not an innocent purchaser as against the plaintiff.

PRACTICE.—*Special Finding.—Facts Found Unsupported by Evidence.—Motion for New Trial.*—Where facts found are not sustained by the evidence, the question is properly presented in the Supreme Court for review by a motion for a new trial, and not by a motion to strike out such parts of the finding as are supposed to be unsupported by the evidence.

From the Howard Circuit Court.

*J. W. Cooper, B. F. Harness, J. F. Elliott, L. J. Kirkpatrick, W. E. Niblack* and *C. E. Cox,* for appellants.

*C. N. Pollard, M. Bell, W. C. Purdum, J. C. Blacklidge, W. E. Blacklidge, B. C. Moon, J. E. Moore* and *A. N. Grant,* for appellee.

MITCHELL, J.—The material facts in the present case, as

found by the court, are that in the month of August, 1887, Joseph S. Tarkington exchanged his interest in the firm of T. H. Ellis & Co., dealers in hardware, of which firm he was a member, for certain real estate and $600 in cash, with Sanford B. Purvis, the latter assuming and agreeing to pay Tarkington's share of the indebtedness of the firm. It is found that Tarkington, in order to induce Purvis to make the trade, made certain false representations concerning the value of the stock and assets of the firm and the amount of the partnership debts, to the effect that the assets of the firm were largely in excess of its liabilities. It appears, from the finding, that the firm was, in fact, in debt, in an amount largely in excess of the value of the partnership assets, so that the interest of Tarkington, at the time the exchange was made, was of no value whatever.

It is found that the exchange was made on the 15th day of August. On the 27th day of the same month Purvis discovered the fraud practiced upon him, and immediately offered to rescind by tendering back all that he had received from Tarkington, and demanding the reconveyance of the real estate which he and his wife had previously conveyed to the latter. He repeated the tender and demand on the 29th day of August, and again on the 1st day of September. It is found that Purvis had received $341 in cash out of the assets of the firm on the 30th day of August, 1887, and that he offered or tendered the money so received to Tarkington on the 1st day of September following. It is also found that on the same day on which the first demand was made for a rescission of the contract, Tarkington conveyed the real estate which he received in exchange for his interest in the stock of hardware to John Tarkington, his father, the consideration for the conveyance being an antecedent debt of $4,000, alleged to be due from the son to his father. The latter is a party to this suit.

At the time the elder Tarkington received the conveyance he knew that his son was insolvent, and that he made the

Tarkington *et al. v.* Purvis.

conveyance to put it out of the power of Purvis to recover the property back.

Upon the facts found the court stated conclusions of law upon which a judgment for $600 against Joseph S. Tarkington, and a decree ordering a rescission of the contract as prayed in the complaint, were entered.

On the appellant's behalf it is insisted that the facts found show that the appellee, after discovering the fraud, converted part of the property to his own use, and otherwise dealt with it in such a manner that his right to rescind was thereby destroyed.

The facts specially found do not afford a basis for the assumption upon which this argument is predicated.

It appears from the facts found that the fraud was discovered on the 27th day of August, 1887, and that immediately upon discovering the deception practiced upon him the appellee took the proper steps to rescind the contract. Subsequently, on the 30th day of August, after another unsuccessful attempt to rescind, he received from the firm assets $341, and on the next day he again tendered the appellant all that he had received, including the sum above mentioned.

The doctrine is fully established that a contract induced by fraud is only voidable, and if one who has been defrauded, after discovering the deceit, acquiesces in the sale, either by express words or by any unequivocal act, such as treating the property as his own, with an intent to condone the fraud, he will be deemed to have elected to affirm the contract, and he can not afterwards rescind. One who, uninfluenced by the fraud, deals with the property as his own, after having fully discovered that fraud has been practiced upon him in the contract or transaction by or through which he acquired the property, thereby waives his right to rescind. *St. John* v. *Hendrickson,* 81 Ind. 350; *Higham* v. *Harris,* 108 Ind. 246; *Worley* v. *Moore,* 97 Ind. 15; *Doherty* v. *Bell,* 55 Ind. 205; *Gatling* v. *Newell,* 9 Ind. 572; *Comparet* v. *Hedges,* 6

Blackf. 416; *Shaeffer* v. *Sleade,* 7 Blackf. 178; Benjamin Sales, section 675.

Equivocal acts, however, which do not clearly evince a purpose, with complete knowledge of the fraud, to retain the property as his own, will not defeat the right of the person defrauded to rescind. The act must be unequivocal, and must show an election to retain the property after discovering the deceit before the right to rescind is gone.

In the present case the right to claim a rescission had been fully perfected by the appellee by tendering back everything that had been received, and by offering to place the fraudulent vendor *in statu quo;* that the plaintiff below afterwards received money arising from the sale of some of the assets of the firm, in no way militates against his right to compel the rescission, since it does not appear but that the property was sold in the course of the business of the firm, and the money received was fully accounted for without loss to the appellant. One who has perfected his right to rescind a fraudulent contract can not lose it by merely taking care of the property received, or by preserving it in case it is of a perishable nature, unless what he does is done with the intent to confirm the contract. He is not bound to preserve perishable property; but if he acts in good faith in preventing reasonably apprehended loss, or destruction, and waste of the property, his perfected right of rescission will not be lost in a court of equity if he fairly accounts for the property without loss to the vendor, and places him *in statu quo,* as nearly as may be. *Pierce* v. *Wilson,* 34 Ala. 596; *Neblett* v. *Macfarland,* 92 U. S. 101; Wharton Contracts, section 285.

Where subsequent acts are relied on as a defence in a case where fraud is clearly established, it is said the act must stand upon the clearest evidence, and must evince a purpose to waive or forgive the fraud, and must amount to a clear election not to rescind. If what is done is merely for the purpose of saving the plaintiff from further loss, without any purpose to give up whatever right he may have, either at

law or in equity, to rescind, the right of rescission will not be affected. *Montgomery* v. *Pickering*, 116 Mass. 227 ; *Morse* v. *Royal*, 12 Ves. 355 (373).

It also appears that after the offer to rescind, the plaintiff below joined the other partners in a deed of voluntary assignment of the firm assets. Before the deed was delivered to the assignee, or recorded, the plaintiff gave notice that he repudiated the assignment, and that he would not consent to the delivery of the deed. Merely signing and acknowledging the deed, which was never delivered with the plaintiff's consent, did not defeat his right to rescind. So far as the assignment was perfected after the plaintiff below withdrew his consent, it was the act of the other partners, and did not bind the plaintiff.

It is contended that the tender of the $341 was not made in any manner recognized by the law. We do not inquire whether or not a good technical tender, such as would be recognized in a court of law, was made before the commencement of the suit. The suit being a proceeding in equity to compel a rescission on the ground of fraud, no such tender was necessary. In such a case it is sufficient for the plaintiff to show that he has preserved the property substantially in the condition in which he received it without intentional or unnecessary change. *Shuee* v. *Shuee*, 100 Ind. 477 ; *Higham* v. *Harris, supra ; Montgomery* v. *Pickering, supra.*

Complaint is made that the finding that John Tarkington took the conveyance from his son, Joseph S., with knowledge of the fraudulent purpose of the latter, is not supported by the evidence.

We can not say that the circumstances surrounding the transaction as it is disclosed in the evidence did not justify the finding. Besides, it is conceded that the consideration for the conveyance from Joseph S. Tarkington to his father, was an antecedent debt due from the former to the latter. There was no change in the position of the parties ; no right or security of value was surrendered up by the father as a

consideration for the conveyance from his son. He was therefore not an innocent purchaser as against one holding a prior equity.

While it is true that a precedent debt is a sufficient consideration to support a contract, it is also true that taking a conveyance in consideration of an antecedent debt does not constitute a person who parts with nothing, or in no way changes his attitude, an innocent purchaser, as against one who has a clear and undoubted prior equitable right to the land. *Petry* v. *Ambrosher*, 100 Ind. 510, and authorities cited; *Boling* v. *Howell*, 93 Ind. 329.

As between creditors who have no prior equities, a precedent debt will support a conveyance, and, if made without fraud, render it unassailable, but the present is not such a case. The land in dispute, in equity and good conscience, belonged to the appellee, who had given notice and taken all the steps necessary to perfect his right to rescind before the conveyance was made. His equity can not be postponed in favor of one who in no manner changed his position.

Whatever error may have been committed by the court in overruling the appellant's motion to modify the judgment by requiring the plaintiff below to pay the appellant $341 in money, was corrected by a remittitur of that amount by the appellee.

The appellant, having received $600 in cash in the trade that was rescinded by the decree of the court, was not entitled to have the $341, which the appellee received out of the partnership assets, paid back to him. All that he was entitled to was to have that amount deducted from the $600 received by him. This was done in effect by the remittitur.

The motion to strike out parts of the special finding of facts on the ground that the portions indicated were not supported by the evidence was properly overruled.

When facts found are not sustained by the evidence, the question is properly brought before the court for review by a motion for a new trial, and not by a motion to strike out

such parts of the finding as are supposed to be unsupported by the evidence. Possibly, if a special finding were encumbered with facts outside of the issues, or mere statements of evidence, or other extraneous matter, which could have no proper place in a finding of facts, a motion to strike out might be entertained with propriety. But even then the refusal of the court to strike out parts of the special finding would hardly be ground for reversal.

We find no error in the record.

Judgment affirmed, with costs.

Filed Oct. 30, 1890; petition for a rehearing overruled April 30, 1891.