WILL C. BLOUNT *vs.* CHARLES A. KIMPTON & others.

Suffolk. November 17, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Evidence — Attorney and Client — Privileged Communication — Bill of Exceptions.*

Confidential communications made by a client to his attorney, for the purpose of obtaining his advice and assistance in reference to the subject matter thereof, cannot, although made in the presence and hearing of a third person, be disclosed by the attorney without the consent of the client.

Where a bill of exceptions alleged by a defendant stated that at the trial of the case in a lower court the plaintiff produced as a witness his counsel, who testi-

fied to "transactions" between the parties, it was *held* that it could not be assumed in favor of the excepting party to mean that the counsel testified to conversations between himself and client.

CONTRACT upon two promissory notes, signed by Charles A. Kimpton and Alonzo Kimpton, copartners. At the trial in the Superior Court, before *Mason*, C. J., it appeared that the defendant Charles A. Kimpton before signing the notes in question was in partnership with one Blount, under the style of Blount and Kimpton, and that the firm of Blount and Kimpton became insolvent, and settled with its creditors, among whom was the plaintiff, by a composition. The defendants contended and introduced evidence, which was contradicted, to show that the notes in question were given to the plaintiff for the purpose of securing to him payment in full of his claim against Blount and Kimpton, in pursuance of a secret understanding and agreement made between the plaintiff and the defendants before the plaintiff executed the composition agreement.

The defendants called as a witness Charles C. Barton, an attorney at law, who testified that he acted as counsel for the plaintiff and Blount in the negotiations which resulted in the composition, in the dissolution of the firm of Blount and Kimpton, and in the execution of the notes in suit; that he had testified as a witness for the plaintiff, at a former trial of this action in the lower court, where it was tried together with another action, in regard to the above mentioned transactions. The defendants then asked him the following question : " State the conversations you had with the plaintiff at which the defendant Charles A. Kimpton also was present, at the time of the transactions of the dissolution of the firm of Blount and Kimpton and the compromise with their creditors, so far as such conversations related to the payment of the plaintiff's claim on the insolvent firm." The judge ruled that these conversations with counsel were privileged communications, and excluded the question, but admitted other testimony as to what was said by Blount.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*N. B. Bryant*, for the defendants.

*P. B. Kiernan*, for the plaintiff.

MORTON, J. The defendants do not question the well settled rule that confidential communications made by a client to an attorney for the purpose of obtaining his advice and assistance in reference to the matter which is the subject of them cannot be disclosed by the attorney without the consent of the client. *Foster* v. *Hall*, 12 Pick. 89. They contend that, if they are made in the presence and hearing of a third person, that removes the privilege, and makes the testimony of the attorney concerning them admissible. But as between the client and attorney they are still confidential, though made in the presence or hearing of a third party. The only effect of that is that they are less confidential in fact, and that such third party may testify to them. It does not qualify the attorney as a witness. *Hoy* v. *Morris*, 13 Gray, 519.

The defendants also urge that the privilege has been waived by the plaintiff, for the reason, as they contend, that in the lower court the plaintiff called the attorney as a witness, and interrogated him as to the conversation between the attorney and himself, when the former was acting as counsel for him, in reference to the transaction now in suit. It is possible that the fact may have been as the defendants assert. It is possible also that the attorney may not have testified or not have been interrogated by the plaintiff as to the conversations. The fact that he testified to other things would constitute no waiver of the privilege as to the conversations. *Montgomery* v. *Pickering*, 116 Mass. 227. The exceptions do not state that he testified to the conversations, but to the "above mentioned transactions." That may mean, and naturally would mean, that he testified to what was done, not to what was said. We cannot assume, in favor of the defendants, who are the excepting party and have the burden, that the fact was as they contend. It is unnecessary to consider, therefore, whether the privilege was or was not waived.

*Exceptions overruled.*