APPLE, ASSIGNEE, ET AL. *v.* SMITH, TRUSTEE, ET AL.

[No. 3,693.   Filed May 17, 1901.]

TRIAL.—*Special Finding.—Amendment.*—An amendment to the special findings may be made at any time before final judgment and during the period within which a motion for a new trial may rightfully be filed, but an amendment made thereafter *nunc pro tunc* is invalid.

From the Marion Circuit Court.   *Reversed.*

*W. V. Rooker, C. T. Hanna* and *T. A. Daily,* for appellants.

*D. S. Gooding, J. F. Carson* and *C. N. Thompson,* for appellees.

ROBY, J.—This cause was submitted for trial on March 14, 1895, the 7th day of the March term of the Marion Circuit Court.   Special findings of facts with conclusions of law thereon were filed by the judge on May 9th (the 7th day of the May term).   The appellant excepted to the conclusions of law.   Nothing further was done until June 9th (the 4th day of the June term) when appellees made a written motion to the effect that the court make its special findings of fact more full, accurate, and complete.   On June 29th the appellees by leave of court withdrew this motion,

and moved the court to correct its mistake, and supply its omission to find as a matter of fact, whether the conveyances in question were or were not fraudulent. On July 2nd, this motion was sustained, and appellee then moved the court to supply its omission, made through inadvertence, in failing to find whether a certain deed of assignment made to appellant Apple was or was not filed for record, and whether said assignee had qualified. This motion was also sustained, "and the court now finds as and for the 9th day of May, 1898, and as a part of the special findings made by the court herein on said date, and omitted by the mistake and inadvertence of the court as follows, to wit". Then follow findings upon the propositions stated, without which the conclusions of law previously stated could not be sustained. The appellants then moved the court to restate the conclusions of law. This motion was overruled. The appellees then offered to allow appellants to file their motion for a new trial, and to waive all objections on account of its not having been filed at the May term. Appellants refusing to accept the proposition, judgment was rendered against them.

It was formerly held by the Supreme Court in many cases that special findings could not be changed after they had been returned and recorded. *Hartlepp* v. *Whitely, etc., Co.,* 131 Ind. 543; *Levy* v. *Chittenden,* 120 Ind. 37; *Wray* v. *Hill,* 85 Ind. 546; *Clark* v. *State, ex rel.,* 125 Ind. 1; *Barner* v. *Bayless,* 134 Ind. 600; *Sharp* v. *Malia,* 124 Ind. 407; *Tarkington* v. *Purvis,* 128 Ind. 182, 9 L. R. A. 607. Later cases hold that the special finding, during the term and before the rendition of the final judgment, may be properly corrected or amended to conform to the facts proved. *Royse* v. *Bourne,* 149 Ind. 187. The amendment may be made at any time before final judgment, and during the period within which a motion for a new trial may rightfully be filed. *Jones* v. *Mayne,* 154 Ind. 400. This must be taken as the limit within which such amendments can be made; to hold otherwise would not be fair to the litigants,

and would immeasurably increase the expense of litigation and the number of appeals, since the party in whose favor an omission operates would not care to suggest it in the trial court if the judge might add to the facts stated, as was done here.

The right of the appellant to file his motion for a new trial is fixed by the statute, and not otherwise. It ended with the May term. §561 Horner 1897. The findings were wholly insufficient to sustain the judgment rendered except as they were reinforced as aforesaid. It is believed that the purposes of justice will be best subserved by remanding the cause for a new trial. Judgment reversed, with instructions to grant a new trial.