COMMONWEALTH *vs.* NESHAN F. BARRONIAN.

Suffolk.   March 9, 1920. — March 30, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Husband and Wife. Witness,* Married person. *Evidence,* Competency, Remoteness. *Practice, Criminal,* Exceptions. *Pleading, Criminal,* Plea. *Constitutional Law,* Secrecy of grand jury proceedings. *Jury and Jurors.*

At the trial of an indictment charging a man with perjury, it is proper to admit in evidence testimony of his wife, voluntarily given, as to statements which were made by him to her previous to their marriage and which tend to establish his guilt.

At the trial of an indictment charging that the defendant in January, 1918, falsely testified that he did not own certain real estate, evidence is admissible tending to show that shortly before July, 1917, he stated that he did own it.

At the trial of an indictment charging that the defendant in January, 1918, falsely testified that he did not own certain real estate, the defendant testified in his own behalf and, subject to his exception, was compelled to answer in cross-examination questions as to whether he had consulted a certain attorney at law with reference to disposing of his interest in the real estate and whether he had not said to the attorney that he wanted "to get rid of" his interest therein. His answer in substance was that he did not remember, and that he "did not have any interest to say such a thing." *Held,* that the exceptions must be overruled because under the circumstances the defendant had no valid ground for complaint.

An objection to an indictment on the ground that unauthorized persons were present with the grand jury when they were hearing evidence relating to the charge made against the defendant, comes too late if it is raised for the first time in the form of an offer of proof during the cross-examination of a witness for the Commonwealth at the trial following a general plea of "not guilty" to the indictment, and again is raised by a plea to the jurisdiction of the court filed nearly nine months after conviction.

INDICTMENT, found and returned on July 31, 1918, charging the defendant with perjury in that, at a hearing upon a libel for divorce brought against him by his wife, where it became and was material to the issue, whether he owned or was interested in the property situated and numbered 258 on Washington Avenue in Chelsea, he falsely testified in substance and effect that he did not own that property.

On March 13, 1919, the defendant pleaded "not guilty." The defendant was tried in the Superior Court before *Aiken,* C. J.

During the trial and in cross-examination of a witness for the Commonwealth, the defendant "offered to show that while this case was being heard by the grand jury one or more persons, witnesses in the case, were in the grand jury room present while other witnesses were testifying." The evidence was excluded, subject to an exception by the defendant.

The testimony of the defendant, relied upon by the Commonwealth as constituting perjury, was given on January 4, 1918, and was as follows:

Q. "You own a house in Chelsea?" A. "No, sir." — Q. "You don't?" A. "No, sir." — Q. "Did n't you own one there?" A. "I just simply let them use my name for a little while." — Q. "Whose name was it in?" A. "What?" — Q. "The house in Chelsea?" A. "I said I let them use my name." — Q. "Is it in your name?" A. "No, sir." — Q. "When did you transfer it?" A. "May the first." — Q. "This last year?" A. "Yes." — Q. "To whom did you transfer it?" A. "Oscar Garabedian." — Q. "So that you own no property in Chelsea, nor anywhere?" A. "No, sir." — Q. "Of any kind or description?" A. "No."

The testimony of the defendant on cross-examination, relating to his conversation with an attorney at law, referred to in the opinion, was as follows: Q. "Did you consult Mr. Fitzgerald [an attorney at law] with reference to the question of disposing of your interest in this house in Chelsea, yes or no?" A. "Well, I cannot say, my dear man, I don't remember. You cannot ask me to say yes or no, because I don't remember. Maybe yes, maybe no." — Q. "Then your memory on that question does not serve you now?" A. "No, that is true." — Q. "See if I can refresh your memory. Did you go to Mr. Fitzgerald's office with Manoogian?" A. "I don't remember that." — Q. "Did you go to Fitzgerald's office with Manoogian and say to Fitzgerald, 'I want to get rid of my interest in the house in Chelsea'?" A. "I did not have any interest to say such a thing." — Q. "Did you say that, yes or no?" A. "I cannot say it, no." — Q. "Did you say that to Fitzgerald then, yes or no?" A. "I said I am going to answer this question, not you, sir. My answer is this, I did not have interest to say that I have interest that I would get rid of some of that interest. That is answer enough for you."

Other material evidence at the trial is described in the opinion.

The defendant was found guilty on March 18, 1919; and alleged exceptions.

On December 9, 1919, and on February 5, 1920, the defendant filed pleas "to the jurisdiction of the court," alleging that unauthorized persons were present with the jury when they were hearing the evidence as to the charge against the defendant, and that therefore the indictment was not legally found. The Commonwealth demurred to the pleas on the ground that they were not filed seasonably.

The demurrer was sustained by *Aiken*, C. J., to which ruling the defendant filed a second bill of exceptions.

*F. L. Norton*, for the defendant.

*W. S. Kinney*, Assistant District Attorney, for the Commonwealth.

RUGG, C. J. The defendant was indicted for perjury committed in the trial of an issue joined on a libel of divorce in which he was libellee in that, it being material whether he owned or was interested in certain real estate in Chelsea, he testified wilfully, corruptly, and with knowledge of its falsity, that he did not own such property. At the trial upon the indictment there was evidence tending to show that the defendant testified at the trial of the divorce libel that he did not own the Chelsea property. Thereupon the wife of the defendant, called as a witness by the district attorney, was permitted to testify subject to exception that shortly before their marriage in July, 1917, the defendant told her that he owned the Chelsea property.

There was no error in permitting the wife to testify respecting conversations with her husband before her marriage. Although she could not be compelled to testify against her will, she nevertheless was a competent witness and might give evidence if she chose. R. L. c. 175, § 20.

The principle always has been enforced by this court that neither a husband nor a wife shall testify as to private conversations. *Sampson* v. *Sampson*, 223 Mass. 451, 458. Private conversations in this sense can occur only during the existence of marriage. Neither the reason nor the letter of that rule applies to conversations held before marriage. Such conversations are not excluded from being offered as evidence in court.

The conversation here in question was near enough in point of time to be pertinent and was material to the issue.

The defendant offered himself as a witness and subject to his exception was asked on cross-examination whether he had consulted a certain attorney at law with reference to disposing of his interest in the Chelsea property and whether he had not said to the attorney that he wanted "to get rid of" his interest in the Chelsea property. It is doubtful whether, in view of the answers made by the defendant, he suffered any injury by the examination. Under the circumstances here disclosed, the defendant has no valid ground for complaint. See, in this connection, *Woburn v. Henshaw,* 101 Mass. 193, 200; *McCooe v. Dighton, Somerset & Swansea Street Railway,* 173 Mass. 117; *Blount v. Kimpton,* 155 Mass. 378; *Jones v. State,* 65 Miss. 179, 183, 184; *State v. Tall,* 43 Minn. 273, 276; Wigmore on Evidence, §§ 2292, 2327.

It was too late for the defendant to raise, during or after trial, the point that the examination of witnesses before the grand jury occurred in the presence of bystanders. *Lebowitch, petitioner, ante,* 357.

*Each bill of exceptions overruled.*