## NANNA M. BERGSTROM AND ANOTHER v. HELEN E. PICKETT AND OTHERS.
## MERCANTILE EXCHANGE COMPANY, APPELLANT.[1]

February 11, 1921.

No. 22,021.

**Facts.**

1. Defendant Pickett procured plaintiff to exchange a piece of real estate for the stock and fixtures of a grocery store, Pickett agreeing to give a mortgage back on the real estate in case the stock failed to inventory a certain amount. Plaintiff was put in possession of the grocery stock and his deed was put in escrow, to be delivered only after full settlement with Pickett. The deed was delivered before full settlement, and Pickett conveyed the real estate to a purchaser who had notice of the facts.

**Escrow—no title passed upon wrongful delivery of deed.**

2. The delivery of the deed passed no title. As against Pickett or any purchaser from him with notice, plaintiff had a right to have it canceled.

[1] Reported in 181 N. W. 343.

**Cancelation of instrument—offer to return unnecessary.**

3. It was not necessary that plaintiff offer to return before bringing a suit for cancelation.

**Selling from stock in the usual course of business not a ratification of fraud.**

4. Selling from the stock and replenishing it in the usual course of business, the stock being kept of equal value and character, did not, as a matter of law, amount to a ratification of the fraud or bar plaintiff's right to a decree of cancelation.

**Issue of specific performance not considered on appeal.**

5. The issue of defendant's right to specific performance was not pleaded or litigated or raised in the trial court and it will not there-fore be determined on appeal.

Action in the district court for Hennepin county to cancel and set aside certain conveyances and to recover $625. The case was tried before Bardwell, J., who denied motions to dismiss the action as to certain defendants, made findings and ordered judgment as set out in the fifth paragraph of the opinion. From an order denying its motion for amended findings or for a new trial, defendant Mercantile Exchange Company appealed. Affirmed.

*L. W. Crawhall,* for appellant.

*Frank E. Clinite,* for respondent.

HALLAM, J.

1. This is a civil action to cancel a deed executed by plaintiffs to defendant Helen E. Pickett, and alleged to have been delivered without authority, and also to cancel subsequent conveyances to defendant Eastman and defendant Mercantile Exchange Company.

In November, 1918, plaintiffs owned a lot in Minneapolis on which was situated a duplex dwelling. The property was of the value of $4,700. It was subject to a mortgage of $2,000. Defendant R. C. Pickett owned the stock and fixtures of a grocery store in Minneapolis. An agreement was made, by which Pickett agreed to give plaintiffs the stock and fixtures of the store in exchange for the equity in plaintiffs' lot and duplex. The agreement stipulated that the fixtures were of the value of $1,200 and the stock of $1,500. There was an understanding that Pickett owed

148 M.—15.

outstanding accounts to the amount of about $800, and that Pickett was to place a second mortgage on the duplex when acquired to raise money to pay them. It was agreed that if the stock should inventory less than $1,500, Pickett would pay plaintiffs the difference and would give plaintiffs a third mortgage on the duplex to secure such payment.

Plaintiffs were put into possession of the store. They executed a deed of their duplex property to defendant Helen E. Pickett and deposited it with defendant Lauderdale in escrow, with instructions not to deliver it until the stock should be inventoried and if the inventory should fall below $1,500, then not until Pickett should make settlement of the difference.

The stock inventoried about $800. Fixtures of the value of $75 proved not to belong to Pickett. Plaintiffs were unable to get a settlement from Pickett. Notwithstanding this, defendant Lauderdale, in order to permit the Picketts to give a mortgage for $850 to raise money to pay the store debts, delivered plaintiffs' deed to a party who was willing to advance the money and permitted him to record it. Thereupon the Picketts, without making settlement with plaintiffs, conveyed the duplex property without consideration to defendant Eastman, and procured her to convey it to defendant Mercantile Exchange Company in exchange for some lots. There is evidence that this company had knowledge of plaintiffs' rights. About the middle of December, plaintiffs first learned that their deed had been recorded. They then consulted an attorney. Plaintiff Carl tried to find Pickett, but could not. About this time he met Mr. Riley, the representative of the Mercantile Exchange Company, and told him he was still the owner of the duplex, and Riley told him: "Well, we will fight it." On January 27 plaintiffs commenced this action.

The court ordered judgment that the deed to Helen E. Pickett and the other subsequent deeds be canceled; that the Mercantile Exchange Company be decreed the owner of the stock and fixtures on condition that said defendant pay to plaintiffs $850, the amount of the mortgage placed on their property by the Picketts, and that, on failure to make such payment, plaintiffs may sell the stock and fixtures, retaining sufficient to repay said sum of $850, the excess, if any, to be paid to the Mercantile Exchange Company.

R. C. Pickett's fraud is admitted. None is charged against the other

defendants, but it is claimed, and the court found, that defendant Lauderdale delivered the deed deposited with him without authority, and that defendant Mercantile Exchange Company was charged with notice of that fact. The court further found that plaintiffs were still in possession of the fixtures and of the stock, save as sales had been made from the stock in the regular course of trade, and that the stock had been replenished so that it was of equal value with the stock delivered to plaintiffs by Pickett. These findings are all sustained by the evidence.

2. Delivery of a deed contrary to the terms of the escrow passes no title to the property described in the deed. City of Winona v. Minnesota Ry. Const. Co. 29 Minn. 68, 11 N. W. 228; Streissguth v. Kroll, 86 Minn. 325, 90 N. W. 577; Henry v. Hutchins, 146 Minn. 381, 178 N. W. 807. Yet plaintiffs find their title clouded and a mortgage upon their property in favor of a bona fide mortgagee. There is no question that plaintiffs have been wronged. The only question is as to the propriety of the remedy given by the trial court. We think the court may be sustained. Defendant Mercantile Exchange Company, having taken with notice of Pickett's wrong and of plaintiffs' rights, has no greater rights than the Picketts would have had if they had not conveyed.

As to the Picketts, plaintiffs had the undoubted right to a cancelation of their deed wrongfully delivered. As to the Mercantile Exchange Company, the same right must exist, unless it has been lost in some manner.

3. Defendant claims that the right has been lost because plaintiffs made no offer to return what they had received. Defendant invokes the rule applicable to rescission. Assuming that the rules applicable to rescission apply to cancelation of an instrument that never became operative, still defendant's contention is not sustained. If the party wronged chooses to bring an action to compel rescission, it is not necessary that he tender restitution before the action is commenced. What he must do to reinstate the other party in statu quo as a condition of the rescission is then for the court to determine. All that is required to justify a rescission by the court is that the contract is one that a court of equity will rescind on the ground alleged, that such ground exists, and that the plaintiff has not lost his right to rescission by affirmance, laches or otherwise. Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533.

4. Defendant contends that plaintiffs ratified the delivery of the deed by retaining the store and operating it, selling from the stock from time to time, after discovery of the fact that the deed had been delivered. Undoubtedly a person wronged in this manner, may ratify the transaction, and as a rule he does so, if, after discovery of the facts, he disposes of the property received. With a stock of groceries, part of the business of a going concern, fluctuating in value and partly perishable, we think the situation is somewhat different. The usual method of best conserving such a stock and the good will incident to the business, is through depletion by sale and replenishment by repurchase. A mere effort to avoid loss will not amount to a ratification. Triggs v. Jones, 46 Minn. 277, 48 N. W. 1113; Tarkington v. Purvis, 128 Ind. 182, 25 N. E. 879, 9 L.R.A. 607; Montgomery v. Pickering, 116 Mass. 227; 2 C. J. 490; Mechem, Agency, § 440. The court might properly hold that the manner in which plaintiffs dealt with the stock did not, as a matter of law, amount to a ratification or affirmance of the transaction and that it did not bar plaintiffs' right to a decree of cancellation. Clark v. Wells, 127 Minn. 353, 149 N. W. 547, L.R.A. 1916F, 476, seems decisive on this point.

5. Defendant Mercantile Exchange Company on this appeal makes the contention for the first time that specific performance would have been more equitable than the remedy applied by the trial court. The suggestion comes late. Had defendant taken that position when Pickett's fraud was discovered two years ago, or even on the trial in district court one year ago, the contention would have been entitled to much consideration. But, instead of suggesting this remedy, defendant simply denied the right of plaintiffs to any remedy at all. We do not know what reasons might have been urged against specific performance, had that issue been litigated. In the absence of pleadings, proof or suggestion on the trial of the remedy of specific performance, it would not be just for this court to order that that remedy be applied.

The court, in order to safeguard the rights of defendant Mercantile Exchange Company, disregarded all technical rules, and in a practical manner gave it all Pickett's rights in the stock and fixtures. We think the result was as fair and equitable as possible under the proof presented.

Order affirmed.