GEORGE MATTAUCH, Appellant, v. RIDDELL AUTOMOBILE COMPANY.

**Sales:** RESCISSION: QUESTION OF FACT.  What is a reasonable time
1    within which to rescind a contract for its breach is not always a question for the jury: as where there is no conflict in the evidence as to the facts, and the time which has elapsed between a knowledge of the breach and the attempted rescission is so great that under no circumstances would the jury be warranted in finding a timely rescission, the court may determine the question.

**Same:** PLEADING.  Where an action to rescind a contract is brought
2    too late the question of plaintiff's right is not one of waiver but of election, and the defendant need not therefore plead a waiver of the right to rescind.

**Same:** DIRECTION OF VERDICT ON THE COURT'S OWN MOTION.  Where a
3    motion to direct a verdict on the ground that a vendee of goods had failed to show a rescission of the sale was overruled at the close of plaintiff's case, the court on its own motion had authority to take the case from the jury at the close of defendant's evidence, when it became apparent that a verdict for plaintiff could not be sustained.

*Appeal from Polk District Court.*— HON. W. H. MCHENRY, Judge.

THURSDAY, MARCH 19, 1908.

ACTION to recover the purchase price of an automobile alleged to have been purchased by plaintiff from the defendant under warranty for breach of which plaintiff had elected to rescind the sale. There was a directed verdict for the defendant, and from judgment thereon plaintiff appeals.— *Affirmed.*

*Allen & Lingenfelter,* for appellant.

*Charles S. Bradshaw,* for appellee.

McCLAIN, J.— In August, 1905, plaintiff entered into negotiations with defendant respecting the purchase from defendant of an automobile which had already been in use for one year, and for which plaintiff was to give in exchange an electric automobile at the agreed price of $500 and pay in cash $1,000. Being unable to make the cash payment, the parties made an arrangement, on September 11th, by which plaintiff gave his note secured by a mortgage on the machine for a portion of the cash payment. This arrangement was made after plaintiff had tried the machine, but the evidence tends to show that it involved an oral warranty by defendant that the machine was not defective in construction, was in good running condition, and durable, suitable for traveling, and of twenty-five horse power. Plaintiff also claims that there was a warranty that the machine, reasonably loaded, had sufficient power to climb the hills on country roads. Defendant's representative undertook to transport plaintiff in the machine from Des Moines, where the purchase was made, to Casey, the place of plaintiff's residence, and it appears that on the way there were mishaps causing some delay. It also appears that at Casey the machine was delivered to one Williams by plaintiff's direction, and that defendant's representative was later called to that place to make further repairs on the machine. Plaintiff testified that after this last visit of defendant's representative, and in the latter part of

September, he made up his mind that the machine was not satisfactory and would not work; but it does not appear that he made any offer to the defendant to rescind the contract by tendering a return of the machine until in the latter part of December. The occasion for the final action of the plaintiff in attempting to rescind the contract was that the radiator of the machine had burst by freezing while it was in Williams' possession, and plaintiff had sent the radiator to defendant to be repaired. When plaintiff himself came to defendant's place of business to get the radiator after repairs had been made, he refused to pay the charges for such repairs, and, as defendant insisted that the bursting of the radiator was not from any fault in the machine, the plaintiff attempted to treat the sale as rescinded. At the conclusion of the evidence for plaintiff, defendant asked a directed verdict, on the ground, among others, that plaintiff had failed to show any rescission or offer to rescind. This motion was at the time overruled, but at the conclusion of defendant's evidence the court on its own motion called the plaintiff to the stand and questioned him further as to the facts relating to the alleged rescission, and it appearing that, although in the latter part of September plaintiff was convinced that the machine did not comply with the warranties and could not be made to work, he took no steps to rescind until in the latter part of December, when he refused to pay for the repairs of the radiator, the court directed a verdict to be entered for the defendant on the ground that the attempted rescission was too late.

Counsel do not differ as to the rules of law applicable to the case. It is agreed that in this State breach of warranty is a ground for rescission, and that the right to rescind must be exercised within a reasonable time after the warranty is broken. Counsel for appellant contend that the question as to reasonable time is for the jury; but where there is no conflict in the evidence as to the facts, and it appears that the time which has elapsed between a knowledge, on the part of

the buyer, of the defects in the article warranted, and the time of the attempted rescission, is so great that under no circumstances appearing in the evidence the jury would be warranted in holding the rescission to be within a reasonable time, the court may decide the question as a matter of law and deny plaintiff relief on the theory of rescission. *Moore v. Howe,* 115 Iowa, 62; *Underwood v. Wood,* 131 Ill. 425 (23 N. E. 598, 19 Am. St. Rep. 40). And as in point with reference to the court determining such question as one of law, see *Bassett v. Brown,* 105 Mass. 557; *Holbrook v. Burt,* 22 Pick. (Mass.) 546; *Kingsley v. Wallis,* 14 Me. 57.

It is contended for appellant that no waiver of his right to rescind was pleaded by defendant. But the question is not one of waiver, but of election. If within a reasonable time appellant failed to take any steps toward rescission, he must be conclusively presumed to have elected to rely upon damages for breach of warranty, rather than on rescission.

It is also contended for appellant that the court had no power on its own motion to direct a verdict for the defendant, as the right of defendant to rely upon waiver of rescission was personal. But, as already pointed out, counsel for defendant had asked a directed verdict on this ground, and the court unquestionably had the right, although it had previously overruled this motion, to take the case from the jury when it became apparent, for the reasons pointed out by the court, that a verdict for the plaintiff could not be sustained.

The judgment is *affirmed.*