SYMAN HIRSCH, APPELLANT, v. MRS. D. VERSCHUUR, RESPONDENT.

Argued June 4, 1919—Decided September 29, 1919.

Where goods have been delivered to the buyer and the buyer fails to return or to offer to return the goods to the seller, in substantially as good condition as they were in at the time the property was transferred to the buyer, the buyer cannot rescind the sale.

On appeal from Plainfield District Court.

Before Justices SWAYZE and PARKER.

For the appellant, *Winfield S. Angleman.*

For the respondent, *Isaac P. Runyon.*

The opinion of the court was delivered by

SWAYZE, J.   We cannot attribute as much force as the plaintiff to the fact that the suit was originally brought for breach of warranty or fraud in the sale of the coat. That was cogent evidence of an election to keep the coat and rely on the action for damages for breach. So, also, was the evidence of two payments on account, one two weeks and one a month after receiving the coat, and after wearing it. But we think the trial judge might properly find, as he did, "that defendant immediately upon discovering the fraud took the coat

back and rescinded, or offered to rescind, by returning the coat, which was refused by the plaintiff." The question is whether this finding justifies the conclusion of law that there was a legal rescission. We think not.

Where, as in this case, the goods have been delivered to the buyer, there are circumstances in which he cannot rescind the sale. One of these is where he fails to return, or to offer to return, the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer. *Comp. Stat., p.* 4663, § 69. There is no finding as to the condition of the coat at the time of the offer to return. Such a finding was necessary, since the evidence was uncontradicted that the coat had been worn three times, looked as if it had been worn a long time, was stiff and looked as though it had been dried by a stove. The propriety of requiring proof that the goods were in substantially the same condition when the offer to return was made as they were when the property was transferred to the buyer, is especially conspicuous in the case of wearing apparel which has been actually worn and where a payment has been made a month after receipt of the goods. The result in this case has been that the defendant has had the use of the coat for some time, recovers the payments made, escapes making any further payment, and retains the coat without offering to return it; for an offer to return the coat in worse condition than when received would be no offer to restore to the plaintiff what he had parted with. The statute, indeed, recognizes that deterioration or injury to the goods may be due to the seller's breach of warranty, in which case the buyer may still rescind, but here, too, there is in the present case an entire failure of proof.

Since the finding of fact does not suffice to support the conclusion of law, the judgment must be reversed, but without costs, and the record remitted for a new trial.