SAMUEL SOLOMON *vs.* ABE KAUFMAN.

Hampden.     October 16, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* Rescission of contract of sale. *Contract,* Rescission. *Equity Pleading and Practice,* Decree.

Where, from findings by a master to whom was referred a suit in equity for rescission of a sale by the defendant to the plaintiff of a grocery and a return of the purchase price, it appears that the sale was procured by fraud of the defendant and also that for some time previous to the filing of the bill and up to the time of the filing of the master's report the plaintiff had been conducting business in the grocery, and that at no time before the filing of the bill had the plaintiff requested the defendant to take back the store and return to the plaintiff the amount he paid, it is improper to cause to be entered a final decree setting aside the sale and ordering the return of the purchase price until it be determined that the plaintiff could give as well as demand restitution.

BILL IN EQUITY, filed in the Superior Court on May 24, 1923, seeking rescission of the sale of a grocery and return of the purchase price.

The suit was referred to a master. Material findings by the master are described in the opinion. By order of *Wait,*

J., there were entered an interlocutory decree confirming the master's report and the final decree quoted in the opinion. The defendant appealed.

The case was submitted on briefs.

*A. A. Aronstam, A. Kamberg, & S. Adams,* for the defendant.

*L. C. Henin,* for the plaintiff.

PIERCE, J.   This is a suit in equity in which the plaintiff, by reason of certain alleged material misrepresentations made to him by the defendant, seeks a rescission of an executed contract of sale of a grocery store; for the return of $2,000 in money, paid the defendant as part payment of the consideration price of said store; and for the cancellation and return of a note of $1,000, secured by mortgage on said store, which note was given in payment of the remaining part of said price.   After the filing of the answer, which in substance admitted the sale of the store and the terms of the sale as set out in the bill of complaint but denied that the defendant made the alleged " fraudulent misrepresentations " and that the plaintiff acted upon them to his damage, the case was referred to a master, who heard the parties and duly made his report.

No objections appear by the record to have been taken and the report was confirmed by an interlocutory decree not appealed from.   This decree was followed by a final decree in the terms which follow: " This case came on to be heard at this sitting and was argued by counsel; and thereupon, upon consideration thereof, it is ordered adjudged and decreed that the plaintiff is entitled to rescind the contract of sales in said case, that the defendant pay unto the plaintiff the sum of two thousand (2000) dollars paid by the plaintiff to the defendant, that the defendant cancel and surrender up to the plaintiff the note and mortgage on said store for the sum of one thousand (1000) dollars given by the plaintiff to the defendant and that the defendant pay to the plaintiff the sum of $18.76 costs and that execution issue therefor."   The case is before this court on the appeal of the defendant from the final decree.

The reason for the appeal, as stated by the defendant in

his brief, is that " he believes the final decree to be incomprehensive of the matters which it should contain in that it neither makes provision for the return to the defendant of the grocery store, nor attempts to account for the depletion of the stock in the store, or in any way protect the defendant's rights." The material facts in this regard found by the master are that the plaintiff, under the bill of sale, took possession of and conducted the said grocery store from May 8, 1923, until the master's hearing; and that before the filing of this bill of complaint the plaintiff never requested the defendant to take back the store and return to the plaintiff the amount he had paid. There is nothing in the record to warrant an inference that the plaintiff had not continued to conduct the business of the store up to the time of the entry of the final decree. In this aspect of the facts it is plain a final decree for rescission of the contract and for the cancellation of the note and mortgage could not be entered properly before it was determined that the plaintiff could give as well as demand restitution. *Boles* v. *Merrill,* 173 Mass. 491. *Thomas* v. *Beals,* 154 Mass. 51, 54. *Parker* v. *Simpson,* 180 Mass. 334, 343. *Adam* v. *Newbigging,* 13 App. Cas. 308, 320. *Abram Steamship Co.* v. *Westville Shipping Co. Ltd.* [1923] A. C. 773, 781.

It follows that the final decree must be reversed, and the case stand for an accounting between the plaintiff and defendant.

*Decree reversed.*