## Frank Vojtek, Defendant in Error, v. William Horan and Delia Horan, Plaintiffs in Error.

### Gen. No. 30,883.

1. JUDGES—*when outside judge may hold court in Cook county.* The judge of any circuit of the State may hold court in Cook county when so requested by the judges of the circuit or superior courts thereof under Cahill's St. ch. 37, ¶ 103, and this provision in no way conflicts with ¶¶ 142 and 143 which permit such substitution upon a request to the Supreme Court by a majority of the judges of the circuit court of Cook county.

2. FRAUD AND DECEIT—*when plea sets up misrepresentations of fact.* In an action to recover the balance due on the sale of a rooming house a plea setting up that plaintiff represented the house as being reputable with an income of $1,000 a month, whereas it was actually a house of ill fame, which defendants were compelled to vacate, and that the income at no time exceeded $700 per month, alleged misrepresentations of fact which if sustained would defeat the action, and it was error to strike the plea.

3. CONTRACTS—*when not illegal.* That a rooming house was conducted as a house of ill fame does not of itself excuse vendees from paying the complete purchase price if the sale was perfectly legal with no agreement that the place had been or should be conducted for immoral purposes.

4. SAVING QUESTIONS FOR REVIEW—*when objection below essential.* Where the record shows that a cause was sent to the executive committee of the circuit court of Cook county for reassignment, the fact that it does not show an order assigning the case to the judge who presided over the trial cannot be objected to where no such contention was made on the trial and no objection was made to the judge hearing the case.

Error by defendants to the Circuit Court of Cook county; the Hon. HARRY EDWARDS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed March 2, 1927.

HAROLD O. MULKS, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Judgment by confession was entered in the circuit court of Cook county in favor of plaintiff against the defendants for $3,105. Afterwards upon motion of the defendants, the judgment was opened up and they were given leave to plead. They filed the general issue and a special plea and an affidavit of merits. Afterwards, plaintiff moved to strike the pleas and affidavit of merits, but the motion was overruled and he was ordered to reply. He filed a similiter to the plea of the general issue and a replication to the special plea. Some time afterwards plaintiff moved the court for

leave to withdraw his similiter and replication, and to strike defendants' "plea." The motion was allowed, the similiter and replication were withdrawn, the "plea" stricken and the judgment by confession was confirmed. No brief has been filed in behalf of the plaintiff in this court.

The defendants contend that the judgment is wrong and should be reversed because it appears from the record that the case was heard by Honorable Harry Edwards, judge of the 15th judicial circuit of this State, holding a branch of the circuit court of Cook county at the request of the judges of said circuit court, and that since the record fails, affirmatively, to show that Judge Edwards was assigned to sit in Cook county by the Supreme Court of this State, he was not authorized to try the case. In support of this counsel refer to paragraphs 142 and 143, ch. 37, Cahill's St. 1925, which provide that where a majority of the judges of the circuit court of Cook county request the Supreme Court to assign judges from other parts of the State to sit in Cook county under certain conditions, the Supreme Court may enter an order accordingly, which order shall state the period of time during which such judge shall hold court in Cook county. We think the point is not well taken, because the legislature has, by paragraph 103 of ch. 37 of Cahill's St. 1925, provided that "Judges of the several circuit courts of this State may interchange with each other and with the judges of the superior court of cook county, and the judges of said circuit courts and of the superior court of Cook county may hold court or any branch of the court for each other, and perform each other's duties, where they find it necessary or convenient." We think this section is not in conflict with paragraphs 142 and 143 above-mentioned. Repeal of a statute by implication is not favored, and there is no mention made in paragraphs 142 and 143 of the repeal of paragraph

103.   We think a judge in any judicial circuit in the
State may sit and hold court in Cook county when
requested by the judges of the circuit court or superior
court of Cook county as the case may be, and that
judges may also be assigned by the Supreme Court in
the manner pointed out in paragraphs 142 and 143.

In *Reitz v. People*, 77 Ill. 518, the court said (p. 519):

"It is further objected that the *placita* shows Wil-
liam H. Snyder, judge of the 22d judicial circuit, pre-
sided on the trial of the cause, and, as he was not the
judge of the Washington circuit court, which this court
judicially knows is in the 23d circuit, the proceedings
were *coram non judice*, and, therefore, void, and of
no effect.   This court takes notice of these facts, and
also of the law authorizing circuit judges to inter-
change and hold courts for one another on request.
We will presume Judge Snyder held this court on re-
quest of the judge of that circuit.   It would have been
well the *placita* should have stated, 'holding the term
by request of the judge of the 23d judicial circuit,' but
the omission does not render the proceedings void."
In the instant case the *placita* conforms to the rule
laid down in the *Reitz* case.   Moreover, we think we
should say that this point is clearly an afterthought,
as no such assignment is made in the record.

The substantial question for decision is, Does the
special plea set up a defense?   The plea and affidavit
of merits set up in substance that plaintiff and defend-
ants entered into an oral agreement on the 29th of
September, 1922, whereby plaintiff agreed to sell and
the defendants agreed to buy "a certain rooming house
and the furniture therein," together with the good
will of the same, the rooming house being located on
North La Salle Street, Chicago, for a consideration
of $9,500; that on that date defendants paid plaintiff
$5,000 in cash and executed their 20 promissory notes
payable monthly for $4,500 secured by chattel mort-

gage that on that date they entered into possession of the premises and paid nine of the notes during a period of nine months aggregating $1,800; that as an inducement to the defendants to purchase the house plaintiff represented to them that the rooming house was a good and reputable place, and that the income therefrom was $1,000 per month; that these representations were false and known to be so by the plaintiff, but that the defendants believed them and relied upon them, and acting upon such representations, the defendants purchased the property. The plea further set up that the income of the house was not more than $700 per month at any time; that the rooming house was a house of ill fame and a house of assignation, and was not worth more than $5,000; that shortly after defendants took possession of the premises, they learned that the two representations above-mentioned were false, and on account of the complaints made about the character of the rooming house by the police officers, they were compelled to vacate the same. The plea further set up that the notes in suit were notes numbers 10 to 20 both inclusive which were given by the defendants in part payment of the purchase price as above stated. Apparently the defendants' position as shown by their plea is that they desire to recoup the damages they have suffered by reason of such misrepresentations to the extent of plaintiff's claim. The plea is rather indefinite and uncertain in some respects and not well drawn, but we think upon careful consideration of it, together with the affidavit of merits, that it sets up two misrepresentations of fact, which, if sustained by the evidence, would be sufficient to defeat plaintiff's suit. The court erred in striking the plea. *Bavarian Brewing Co. v. Farrar,* 163 Ill. 471.

The defendants further contend that the plea was good in substance, because it disclosed the fact that the subject matter of the sale was a violation of the

law of this State, in that the selling of the rooming house was for the purpose of having it conducted as a house of ill fame. This is clearly a misapprehension of what appears in the record. The transaction, as alleged, was a perfectly legitimate one. The rooming house was sold by plaintiff to defendants and there was no agreement that it had been or should be run for immoral purposes. There is no merit in this contention.

A further point seems to be made that the record discloses the case was sent to the executive committee of the circuit court for reassignment and that no order appears in the record assigning the case to Judge Edwards. No contention of this character was made on the trial. There was no objection made to Judge Edwards hearing the case and the contention is clearly unwarranted.

For the reason stated, the judgment of the circuit court of Cook county is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

TAYLOR, P. J., and THOMSON, J., concur.