BANNINGER, Respondent, vs. LANDFIELD and others, Appellants.

*October 11—November 9, 1932.*

330

For the appellants there was a brief by *Beck, Smith & Heft* of Racine and *Morris Fromkin* of Milwaukee, and oral argument by *Mr. Lawrence H. Smith* and *Mr. Fromkin*.

For the respondent there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *J. C. Wilbershide* and by *O. R. Moyle* of Union Grove.

RQSENBERRY, C. J.   The plaintiff claimed the right to rescind the sale on two grounds: (1st) that the defendant Landfield failed to deliver all of the goods purchased; and (2d) that Landfield failed to put the linotype in good running order.

Sec. 121.69 (1).   "Where there is a breach of warranty by the seller, the buyer may, at his election: . . .

"(d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

"(5) Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section 121.53."

It is manifest that in this case the buyer had no right of rescission based upon a failure to deliver the goods. It appears here that the plaintiff buyer accepted the goods knowing that the delivery was incomplete. If he intended to stand upon the failure of the seller to deliver, he should not have accepted the goods, put them into his place of business and continued to use them. Furthermore, from the descriptions of the articles it appears that any damage which plaintiff may have sustained by reason of the failure to deliver the articles enumerated was readily compensable in damages.

We pass, therefore, to the consideration of the second ground upon which the plaintiff claimed a right to rescind the contract; that is, that the defendant Landfield failed to put the linotype machine in running order. Plaintiff upon the trial admitted that it was agreed that the defendant should take back the linotype if it failed to work. The defendant Landfield testified it was agreed that they were to take it back and allow a credit of $500. By this agreement, whether we take the testimony of the plaintiff or the defendant Landfield, the sale was divisible and the plaintiff is entitled to credit for the purchase price of the machine if the agreement is as he claims or $500 if the agreement is as the defendant Landfield claims. In no event could there be a rescission on the ground that the machine did not work. Both parties to the transaction at the time the machine was purchased knew that it was obsolete, that there would be difficulty in securing parts, and that a mechanic might not be able to put it in running order. As to the remainder of the articles there was

clearly a waiver of a right of rescission by their continued use by the plaintiff in the ordinary course of his business. It was conceded upon the argument that he had continued to use them down to the time of the hearing in this court in the customary way. When the defendant Ætna Mortgage and Security Company brought its action to obtain possession of the goods by right of replevin, giving an indemnity bond, the defendant gave a repossession bond and continued in possession and continued to make use of the property in his possession. The rescission was incomplete.

It cannot be argued that the defendant Landfield accepted the plaintiff's declaration of rescission. His attorney wrote and inquired when they could procure possession of the property, the plaintiff answered by an attachment suit, so that there was no agreement to rescind the contract even in part. The negotiations had not progressed far enough to be tantamount to an agreement. The defendant Landfield has never denied that under the arrangement as he claims it to be, he was obligated to take back the linotype if it was not put in running order and abate the purchase price to the extent of $500. The right to rescission of a contract of sale is not highly esteemed in the law. The right is denied to the buyer under the English Sales Act. 2 Williston, Sales (2d ed.) p. 1522, § 608a.

Sec. 121.69 (3), Stats., provides:

"Where goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods or if he fails to notify the seller within a reasonable time of the election to rescind," etc.

He may not, if he elects to rescind, treat the goods in a way that is inconsistent with the right of rescission. A buyer who retains and makes use of the property after claiming it is defective may not thereafter rescind the contract. *Allis-Chalmers Mfg. Co. v. Frank,* 57 N. Dak. 295, 221 N. W. 75. This is true even though the seller refuses to receive back

the goods on rescission. *Lamborn & Co. v. Green,* 150 Tenn. 38, 262 S. W. 467; *Gottman v. Jeffrey-Nichols Co.* 268 Mass. 10, 167 N. E. 229; *Fuller v. Fried,* 57 N. Dak. 824, 224 N. W. 668.

Counsel seem to have labored under some misconception as to what is meant by the term *warranty* as used in the Uniform Sales Act. The cases are brought together, discussed, and analyzed in 1 Williston, Sales (2d ed.) § 181 *et seq.* Mr. Williston says:

"Accordingly in the Sales Act the word is limited to what is probably its essential meaning—a material promise. It makes no difference under the Sales Act whether this promise is or is not collateral, and as provided in a later portion of the Sales Act, a breach of warranty in a contract to sell or a sale is followed by the same consequences as the breach of a material promise in other contracts; namely, the innocent party has a right to rescind or repudiate the transaction."

It is clear that the plaintiff buyer's right of rescission here, if any he has, is by reason of a breach of warranty by the seller, and his rights are governed by sec. 121.69. Having waived his right of rescission by continued use of the goods, the plaintiff buyer is now entitled, upon a return or offer to return the linotype machine, to an abatement of $500 of the purchase price, or to have the amount determined if the arrangement was as claimed by the plaintiff, and to a further abatement from the purchase price equal to the value of the goods not delivered.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law as indicated in this opinion.