[April Term, 1935]

# FRYER v. CAMPBELL

(No. 1832; April 16, 1935; 43 Pac. (2d) 994)

For the plaintiff in error, the cause was submitted on the brief of *N. R. Greenfield* and *Harold M. Johnson.*

The cause was submitted for defendant in error upon the brief of *Armstrong and Armstrong,* of Rawlins.

*N. R. Greenfield* and *Harold M. Johnson* in reply.

KIMBALL, Chief Justice.

The case presents the question of the sufficiency of the evidence to support a judgment for plaintiff in an action for rescission of a contract of sale and for recovery of the amount paid on the purchase price. The property, both before and after its sale, was used in operating a motion picture show house, known as the Legion Theater at Saratoga, Wyoming. It consists of a reproducer, two picture machines, screen, 98 upholstered chairs, acoustical material on the walls, matting on the floor, tools, etc., together with a lease on the building. The terms of the lease are not shown either by the pleadings or the evidence.

On May 11, 1932, the property was transferred by defendant to plaintiff by bill of sale of the show equipment and by assignment of the lease, and plaintiff then took possession. The agreed purchase price was $1,000, of which $500 was paid at the time of transfer and the rest promised in instalments of $100 each, due on the 20th of the month commencing with June. There was a writing showing that a stock certificate, belonging to

plaintiff, was placed in escrow as security for payment of these instalments. The instalments due in June and July were paid, making in all $700 paid on the purchase price.

On August 18, 1932, this action was commenced. The petition alleges the making of the contract and the payments by plaintiff, as above stated, and charges that plaintiff was induced to make the purchase by certain alleged false and fraudulent representations made by defendant. It is then alleged "that when the plaintiff discovered the falsity of said * * * representations * * *, he demanded a rescission of the said agreement and a return to him of the moneys so paid * * *, but that the defendant refused, and still refuses, to consent thereto"; and "that the plaintiff ever since said time has been, and now is, ready and willing to reassign the said lease to the defendant and to make and execute and deliver to the defendant a good and sufficient bill of sale for the said property and equipment, conditioned on the rescission of the said contract and the return to the plaintiff of the said moneys paid by him * * *."

The answer admitted the making of the contract and the payments thereon, as set forth in the petition, and denied the other allegations of the petition.

The case was tried October 26, 1932. There was evidence from which the court found that the defendant made certain false and fraudulent representations for the purpose of inducing, and which did induce, defendant to buy the property, and "that when plaintiff discovered the falsity of said representations made to him by defendant, he demanded a rescission of said agreement and the return to him of the money paid, and offered to surrender up said picture show to the defendant." The judgment cancels the contract, and requires the defendant to pay back the $700 received on the purchase price and to cause to be surrendered

to plaintiff the stock certificate placed in escrow as security. It requires plaintiff "thereupon" to reassign the lease and to deliver to defendant the show equipment "in as good condition as when received by the plaintiff, ordinary wear and tear excepted, and to account to the defendant for all profits derived by the plaintiff from the operation of said Legion Theatre from the 11th day of May, 1932, to the date hereof." The date of the judgment is December 27, 1932.

It may be that the allegations of the petition tend to show that the action is at law on the theory that the plaintiff rescinded the contract by an offer to return the property when he acquired knowledge of the falsity of the representations. We doubt that plaintiff would contend that the evidence is sufficient to support the judgment on that theory. In such an action the plaintiff's right to avoid the contract and recover the purchase money would be conditional on his offer made promptly after acquiring knowledge of the misrepresentations to return the property in substantially as good condition as when received by him. Restatement of Contracts, § 480. And if such an offer was made and rejected, in order for the avoidance to remain effective, plaintiff must have held the property for defendant and refrained from exercising acts of ownership over it. Restatement of Contracts, § 482; Williston on Sales (2d. ed.), § 649. See Hirsch v. Verschuur, 93 N. J. L. 466, 108 Atl. 181. The rule in cases of rescission for breach of warranty, recognized by the Uniform Sales Act, is substantially the same. R. S. 1931, § 98-1604. See Banninger v. Landfield, 209 Wis. 327, 245 N. W. 113; Advance-Rumely Thresher Co. v. Stohl, 75 Utah 124, 283 Pac. 731.

There is no evidence showing when the plaintiff acquired knowledge of the misrepresentations or that he made a demand for rescission before the filing of his petition. The evidence does not show that plaintiff,

after acquiring knowledge of the misrepresentations held the property for defendant, but on the other hand it does show that plaintiff at the time of trial was continuing to operate the business in which the property was used.

But the case cannot be decided on the theory that plaintiff was bound to rely on a rescission by his act before bringing suit. Both parties have apparently and perhaps rightly treated the action as one for rescission. The petition prays and the judgment provides for cancellation. The defendant does not contend that the plaintiff should have proved an offer before suit to return the property, but in his brief says that the evidence "shows that after notice of rescission the plaintiff continued to use the property and exercised dominion over it as the owner." The distinction between an action based on rescission by act of the plaintiff and an action in equity for rescission is explained in Brown v. Norman, 65 Miss. 369, 4 So. 293, 7 Am. St. 663, and other cases that need not be cited. Where the distinction is recognized, an offer before suit to restore the property received by the injured party is a necessary element in rescission by the act of a party, but is regarded as superfluous as a prerequisite to the commencement of an action in equity for rescission. 5 Pomeroy, Eq. Jur., § 2110. Under some authorities, it is not even necessary to make such an offer in the petition for rescission, but "the decree of the court will impose such conditions on the defendant's duty of restitution with reference to the return of performance or its value as justice requires, and if these conditions are not complied with the plaintiff cannot obtain restitution." Restatement of Contracts, § 481. Restitution is a condition of relief, not of instituting the suit. Hay v. Hay, 13 Hun. 315.

We shall proceed, then, to consider the case as one for rescission in equity. The purpose of the action is

to replace the parties in their former position. Perry v. Meyer, 110 Neb. 347, 193 N. W. 717. Restitution is a condition precedent to the granting of relief. Bigelow on Fraud, p. 420. The plaintiff must be in a position to give as well as to demand restitution. Adams v. Newbigging, 13 App. Cas. 308, 320; Solomon v. Kaufman, 250 Mass. 276, 145 N. E. 431. In some cases justice requires that restitution be excused. Williston on Sales (2d ed.), § 649a. See, Griggs v. Meek, 37 Wyo. 282, 261 Pac. 126, 264 Pac. 91; Hawkins v. Stoffers, 40 Wyo. 226, 240, 276 Pac. 452, 278 Pac. 76. A court of equity can take accounts of profits and make allowance for deterioration, and we may assume that though it cannot restore the parties precisely to the state they were in before the contract, it may grant rescission whenever by the exercise of its powers it can do what is practically just between the parties. Erlander v. New Sombrero Phosphate Co., 3 App. Cas. 1278; United Zinc Co. v. Harwood, 216 Mass. 474, 477, 103 N. E. 1037, Ann. Cas. 1915B, 948; Williston on Sales (2d ed.), § 649a. See Baylies v. Vanden Boom, 40 Wyo. 411, 278 Pac. 551, 70 A. L. R. 924. In those cases where it appears that a return of the property received by plaintiff will not put the defendant in *statu quo,* it is incumbent on the plaintiff to furnish the court with evidence that will enable it to do what is "practically just between the parties." Perry v. Meyer, 110 Neb. 347, 351, 193 N. W. 717; Higham v. Harris, 108 Ind. 246, 255, 8 N. E. 255; 18 Enc. P. & P., 831.

At the trial the plaintiff evidently assumed that all he was required to prove was that he was induced to make the contract by material misrepresentations in regard to the value and usefulness of the property. All his evidence was introduced for that purpose. Incidentally it was shown by his witnesses that he was continuing to operate the theater, and the judgment in

providing for an accounting assumes that he was still continuing to do so at the date of the judgment. There was no evidence to explain this use of the property, or to show what has been the result. There was nothing said in the pleadings or evidence about an accounting of profits, and no evidence that there had been any profits. The judgment shows that the court thought a return of the property would not place the defendant in *statu quo*. It was evidently assumed that use of property consisting of machinery and furniture would cause substantial deterioration, but there was nothing to show the extent of the deterioration, and, of course, under the evidence it cannot be said that the accounting for profits required by the judgment will result in the defendant being compensated for the difference in value caused by use of the property. We think, therefore, that the evidence is insufficient in failing to show that the defendant will be restored to his former position.

The use of the property by plaintiff after his demand of rescission may be important on another question. The defendant in his brief contends that if plaintiff had the right of rescission at the time suit was commenced, he has "waived" the right by continuing to use the property, citing 24 R. C. L. 362. Plaintiff says that as waiver was not pleaded the question is not properly before this court, citing 27 C. J. 40, where it is said that "the question whether the conduct of plaintiff amounted to a ratification of the transaction or to a waiver or estoppel cannot be submitted to the jury unless the matter is pleaded." See, also, Bloomquist v. Farson, 222 N. Y. 375, 118 N. E. 855; Hart v. Adair, 244 Fed. 897, 899; Powell v. Rockow, (Tex. Civ. App.) 58 S. W. (2d) 536, 539; 9 C. J. 1244, 1246.

The question seems to be one of election, though frequently called waiver. The contract, if induced by fraud or misrepresentation, is not void but only void-

able at election of the injured party. Williston on Sales (2d ed.), § 648. It is valid until disaffirmed, not void until ratified. Pollock on Contracts (8th ed.), p. 616. The party desiring to rescind must become an actor. When he seeks rescission in an action for that purpose, it would seem that he should be required to prove his election to disaffirm, and it may be that under the code (R. S. 1931, § 89-1014) evidence to show that he did not so elect, or that he elected to ratify, would not be "new matter constituting a defense," but would be provable under a general denial. See Mutual Life Ins. Co. v. Summers, 19 Wyo. 441, 120 Pac. 185; Mattauch v. Riddell Automobile Co., 138 Ia. 22, 115 N. W. 509; Miles v. Dover etc. Co., 125 N. Y. 294, 26 N. E. 261; Comer v. Franklin, 169 Ala. 573, 53 So. 797; United Shoe Mach. Co. v. Burnet, (1909) A. C. 330, 338-339.

But it may not be necessary in this case to decide the question of pleading. The continued use of the property by plaintiff was proved by plaintiff's evidence, and the record does not show that the significance of the evidence on the question of election was brought to the attention of the court. At another trial the conditions will probably be different.

In Shappirio v. Goldberg, 192 U. S. 232, 242, 242 S. Ct. 259, it is said "that where a party desires to rescind upon the ground of misrepresentation or fraud, he must upon discovery of the fraud announce his purpose and adhere to it. If he continues to treat the property as his own the right of rescission is gone, and the party will be bound by his contract. (Citing cases.) In other words, when a party discovers that he has been deceived in a transaction of this character he may resort to an action at law to recover damages, or he may have the transaction set aside in which he has been wronged by the rescission of the contract. If he choose the latter remedy, he must act promptly, 'Announce his purpose and adhere to it,' and not by

acts of ownership continue to assert right and title over the property as though it belonged to him." The court then states the qualification that "a purchaser has a reasonable time in which to make election of such remedy after discovery of the fraud," see Baylies v. Vanden Boom, 40 Wyo. 411, 278 Pac. 551, 70 A. L. R. 924, but "he cannot after such discovery treat the property as his own and exercise acts of ownership over it which show an election to regard the same as still his and at the same time preserve his right to rescission."

We may accept the foregoing as a correct statement of the general rule. We assume that the rule, in its reasonable application in an action for rescission by a buyer who has used the property after acquiring knowledge of the fraud or misrepresentation, will not prevent a recovery if it appears that the use of the property was trivial in comparison with the whole subject matter of the transaction (Weigel v. Cook, 237 N. Y. 136, 142 N. E. 444) ; or was proper in the care and preservation of the property (Tarkington v. Purvis, 128 Ind. 182, 25 N. E. 879, 9 L. R. A. 607) ; or was during the reasonable time the buyer has to make his election (Baylies v. Vanden Boom, supra) and compensation for the change in conditions can be readily and accurately made (Basye v. Paola Refining Co., 79 Kan. 755, 101 Pac. 658, 25 L. R. A. (N. S.) 1302).

In applying the above principles in the case at bar, we must consider the nature of the property. It was received by plaintiff as a going business, and if the contract is to be rescinded, it may be to defendant's advantage to have it preserved and returned as a going business. We refer to a few cases we have examined on this point.

In Clark v. Wells, 127 Minn. 353, 149 N. W. 547, L. R. A. 1916F, 476, the purchaser of a business of manufacturing and vending certain products rescinded

the sale and sued to recover what he had paid on the purchase price. The defendants had rejected the offer of return of the property, and thereafter the plaintiff continued to manufacture and sell the products until the date of trial. Defendants contended that plaintiff, after offering to return the property, conducted the business as his own and for his own profit. The court said that if this were so, it was a waiver of the rescission, but that the facts did not bear out the contention. The court considered numerous facts either admitted or set forth in plaintiff's offers of proof, and held that they were sufficient to show that the use of the property by plaintiff was proper to preserve it as a going business for the benefit of defendants, and that plaintiff was entitled to recover on returning the property and accounting for the profits which were substantial and had been kept on hand by plaintiff ready to turn over to defendant.

Bergstorm v. Pickett, 148 Minn. 224, 191 N. W. 343, was a suit to cancel a deed delivered without authority in a transaction in which plaintiffs received from defendant stock and fixtures used in a grocery business. The plaintiffs continued in possession of the property, selling in the regular course of trade, but replenishing the stock so that at the time of trial it was of equal value with the stock delivered to plaintiffs by defendant. Defendant contended that plaintiffs ratified the delivery of the deed by retaining and operating the store after discovering that the deed had been delivered. On authority of Clark v. Wells, supra, the contention was not sustained. The court said: "Undoubtedly a person wronged in this manner, may ratify the transaction, and as a rule he does so if, after discovery of the facts, he disposes of the property received. With a stock of groceries, part of the business of a going concern, fluctuating in value and partly perishable, we think the situation is somewhat different. The usual method of

best conserving such a stock and the good will incident to the business, is through depletion by sale and replenishment by repurchase. A mere effort to avoid loss will not amount to a ratification. (Citing cases.) The court might properly hold that the manner in which plaintiffs dealt with the stock did not, as a matter of law, amount to ratification or affirmance of the transaction and that it did not bar plaintiffs' right to a decree of cancellation."

Bavarian Brewing Co. v. Farrar, 163 Ill. 471, 45 N. E. 283, was an action for rescission of a contract of purchase of a saloon stock and fixtures. After the plaintiffs offered to return the keys to defendant and it refused to receive them, plaintiffs continued to carry on the business, and it was contended that they thereby waived any right which they had at the time of the offer to rescind the contract. The court said that "if there were no other facts connected with the transactions between the parties this position would be well taken," but held that in view of certain negotiations of settlement, the plaintiffs did not determine definitely to rescind until later.

In Mauer v. Iden, 242 Mich. 568, 219 N. W. 655, the buyers of a motion picture business of which they took possession on February 8, soon acquired knowledge of misrepresentations that induced the purchase, and on February 24 commenced an action for rescission and accounting. They continued to operate the business until March 9, and also operated it for two additional days, March 19 and 20. It was held that they had acted with promptness, and that an accounting between the parties "would require a restoration of property so far as necessary to do justice as a condition of granting relief."

In Eivers v. Peard, 100 Ore. 197, 197 Pac. 264, the purchaser of a millinery business operated the business for 13 days after acquiring knowledge of the misrep-

resentations, and then offered to return the property and to account for the stock he had sold. In a suit to recover what he had paid for the business, a verdict for defendant was directed. On appeal it was held that plaintiff's continuance of the business did not, as a matter of law, prevent a rescission, and that the case should have been submitted to the jury.

In cases in which rescission has been denied to a party who has continued to operate a going business, the decision is usually put on the ground that the other party cannot be restored to his former position, and the use of the property as evidence of election is not discussed as a separate question. Bailey v. Fox, 78 Calif. 389, 20 Pac. 868 (hardware business) ; Kasch v. Labor Temple Ass'n., 18 Calif. App. 508, 123 Pac. 552 (laundry business) ; Brockhaus v. Schilling, 52 Mo. App. 73 (saloon) ; Everett v. Pickens, 203 Ala. 322, 83 So. 33 (bottling works). ·

From the foregoing authorities it seems that the continuance of a going business by the purchaser after he acquires knowledge of the facts giving him the right to rescind is an equivocal act which does not, as a matter of law, prevent a rescission of the contract, but is important both on the question of restitution and on the question of election. If the use was proper in the preservation of the property as a going business, and has resulted in only such change in conditions as may be readily and accurately adjusted on equitable terms, rescission need not be refused on the ground that the plaintiff cannot return precisely what he received. And on the question of election, such use does not necessarily show that the plaintiff was asserting a right inconsistent with his election to rescind. The two questions—restitution and election—cannot in such cases be treated as independent of each other. See Pollock on Contracts (8th ed.) p. 618 where it is said that "the exercise of acts of ownership over the

property acquired under the contract precludes subsequent repudiation, but not so much because it is evidence of an affirmative election as because it makes it impossible to replace the parties in their former position."

The injured party, when he discovers the fraud and elects to rescind, knows that it is his duty to preserve the property for return to the other party. If thereafter he continues the business for that purpose, and not for the purpose of benefit to himself, rescission ought not to be denied on the ground of his having failed to preserve his right to that relief unless there are other circumstances showing affirmance of the contract by him. If he has continued the business for benefit to himself, and in disregard of his duty to preserve the property, rescission is not the proper remedy. The question is one that must be decided on consideration of the relevant facts which in the case at bar will probably be more fully shown on another trial. If relief be denied either on the ground of plaintiff's inability to put the defendant in his former position, or on the ground of a use of the property inconsistent with an election to rescind, it may be that plaintiff will still have his remedy at law for damages. See Friederichsen v. Renard, 247 U. S. 207; note, 35 A. L. R. 1153.

The judgment will be reversed and the case remanded for a new trial.

BLUME and RINER, JJ., concur.