Clemens Kortum and Elsbeth Kortum, Appellees, v. Albertina Ludwig et al., Defendants, and Fred Landl, Supplemental Defendant.
Appeal of Albertina Ludwig et al., Appellants.

Gen. No. 41,619.

Heard in the third division of this court for the first district at the February term, 1941. Opinion filed April 8, 1942. Rehearing denied May 7, 1942.

ARTHUR J. GOLDBERG and ROBERT J. MILLMAN, both of Chicago, for appellants; ARTHUR J. GOLDBERG and LEONARD G. NIERMAN, both of Chicago, of counsel.

JOHN E. TIMM, of Chicago, for appellees.

### REHEARING OPINION.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Cook county which rescinded and set aside contracts for the sale of defendants' bakery business and set aside a judgment by confession in favor of defendants on plaintiffs' note given under the contracts.

The essential question here is whether alleged misrepresentations made by defendants as to the earnings of their business are sufficient to avoid the sale. The

misrepresentations to be adequate for that purpose must be untrue statements of material fact, knowingly made for the purpose of inducing the purchase of the business and relied upon by the plaintiffs. *Bennett v. Hodge,* 374 Ill. 326.

The record indicates that plaintiffs decided to buy defendants' bakery, after considering others, and that negotiations for its purchase commenced in June 1938 and ended with a sale on September 6, 1938. The purchase price was $4,500 and plaintiffs paid part in cash and the balance in notes secured by a mortgage, and payable at $200 per month. Plaintiff also purchased merchandise and materials on hand.

The testimony in support of plaintiffs' case is that defendants stated that their weekly income from the business during the winter of 1937–1938 ranged between $600 and $900 and in the summer season was never below $500 and one week was $625. The defense testimony is that the statement of weekly income of $600 to $900 referred to that of a combined market and bakery conducted by defendants three years before the instant sale; and further, that the statements made by the defendants set the average weekly income from the bakery business between $500 and $550 and that such statements were true. From entries made by Mrs. Ludwig in a book, and not contradicted in the record, we have computed the average weekly income for the period from September 1937 to September 1938. The average is $526.95 and includes a December weekly income of approximately $700 and an April weekly income of $625. Plaintiffs say that we should determine this issue, not by averaging but by considering separately the alleged statements of winter and summer business. Undisputed expert testimony shows that the average difference between the seasonal incomes in bakery business is about 10 per cent or 15 per cent. Plaintiffs have been in the business for 25 years and should know this fact and, if they relied upon statements of seasonal differences of 20 per cent

to 80 per cent, they acted imprudently for, had they been prudent, they would have been placed upon their guard when the statements were made and have searched for the truth.

The evidence shows that plaintiffs observed the business in operation and made investigations of the neighborhood several times before the sale and the inference is, in view of their business experience, that they relied upon these observations and investigations rather than upon the indefinite alleged misrepresentations. Plaintiffs were required to take reasonable precautions to protect themselves in this transaction. 23 Am. Juris. 962. Their experience placed them on an equal basis with defendants in the deal; they admit rejecting an opportunity to inspect the books; and they did not reduce to definite information the general statements of defendants who wanted to sell their business. All of these considerations lead to the conclusion that if plaintiffs did rely upon the alleged misrepresentations, they should not have done so and took an unreasonable risk.

The business fell off after the sale and plaintiffs say that the record of the income shows that defendants' statements were false. Defendants contend that poor management and a reduction in butter and shortening in biscuits, plus competition of a new bakery in the vicinity, contributed to reduce the business. If plaintiffs relied solely upon the alleged misrepresentations of income and took no precautions to protect themselves in the transaction, there may be substance to defendants' theory of poor management. In any event we believe that the record of income following the sale is not, under the circumstances, an appropriate criterion by which to determine that the alleged statements were misrepresentations of fact of the kind required by the rule announced in the *Bennett* case hereinbefore cited. Several weeks after the sale Schlossers opened a branch bakery a block away from the business in-

volved here and a reasonable inference is that a reduction in business was bound to follow.

The undisputed expert testimony further shows that a bakery is valued at $1,000 for each $100 of weekly income. Applying this formula to the circumstances here, it would appear that the purchase price for the business was fair.

We have read *Vojtek v. Horan,* 243 Ill. App. 362, upon which plaintiffs mainly depend. That case is not helpful to a determination of the case at bar.

For the reasons herein given the decree of the circuit court is reversed and the cause is remanded with directions to dismiss the complaint for want of equity at plaintiffs' costs.

*Decree reversed and cause remanded with directions.*

BURKE, P. J., and HEBEL, J., concur.